**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------X
```
| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| -against- | : | No. 16 Cr. 576 (JFK) |
| | : | |
| CHRISTOPHER KERRIGAN, | : | **OPINION & ORDER** |
| | : | |
| Defendant. | : | |

```
-----------------------------------X
```

┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #: _____           │
│ DATE FILED: _03/02/2021___           │
└─────────────────────────────────────┘

APPEARANCES

FOR DEFENDANT CHRISTOPHER KERRIGAN:
    Pro Se

FOR THE UNITED STATES OF AMERICA:
    Benet J. Kearney
    U.S. ATTORNEY'S OFFICE FOR THE SOUTHERN DISTRICT OF NEW YORK

**JOHN F. KEENAN, United States District Judge:**

Before the Court is a pro se motion by Christopher Kerrigan seeking a sentence reduction and his immediate transfer into home confinement pursuant to Section 12003(b)(2) of the Cares Act of 2020, which the Court construes as a renewed motion for a modification of Kerrigan's sentence pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A), commonly known as the compassionate release statute.[1]  The Government opposes

---

[1] The relief Kerrigan seeks pursuant to Section 12003(b)(2) of the Cares Act of 2020 appears intended as a request for relief under 18 U.S.C. § 3624(c)(2).  However, "[t]he authority the CARES Act and the Attorney General have given to the [Bureau of Prisons ("the BOP")] to permit prisoners to finish the remainder of their sentence in home confinement under 18 U.S.C. § 3624(c)(2) is exclusively within the discretion of the BOP; the Court lacks authority to order home confinement." United States v. Ayala, No. 17 Cr. 618 (RA), 2020 WL 4586260, at *1 (S.D.N.Y. Aug. 10, 2020) (brackets and internal quotation marks omitted).  Accordingly, the Court construes Kerrigan's motion to be a renewed request for a modification of his sentence

Kerrigan's motion as procedurally barred because he did not satisfy the First Step Act's administrative exhaustion requirements before seeking judicial intervention, and substantively meritless for many of the same reasons the Government raised in opposing Kerrigan's prior request for compassionate release.  For the reasons set forth below, Kerrigan's renewed motion is DENIED.

## I.  Background

The Court assumes familiarity with its May 14, 2020 Opinion & Order ("the May 14 Decision") which denied Kerrigan's request for a sentence reduction or his immediate transfer into home confinement due to Kerrigan's underlying health issues and the threat posed by the coronavirus, COVID-19. See United States v. Kerrigan, No. 16 Cr. 576 (JFK), 2020 WL 2488269 (S.D.N.Y. May 14, 2020).

On April 27, 2020, Kerrigan (through his counsel at the time) filed an emergency motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) on the grounds that Kerrigan's age (he was 43 at the time), history of substance abuse, and the conditions of his incarceration constitute "extraordinary and compelling reasons" to modify his sentence.

---

pursuant to 18 U.S.C. § 3582(c)(1)(A), rather than a motion for home confinement pursuant to 18 U.S.C. § 3624(c)(2). See id. (construing a similar pro se motion as one for relief under 18 U.S.C. § 3582(c)(1)(A)).

See id. at *2.  The Government opposed Kerrigan's motion;
Kerrigan filed a reply raising a series of additional medical
conditions that he believed increased his risk of exposure to
COVID-19; and the Government filed a sur-reply arguing that none
of Kerrigan's newly disclosed medical issues warrant early
release.  See id.

On May 14, 2020, the Court denied Kerrigan's motion.  (ECF
No. 319.)  As a preliminary matter, the Court determined that
Kerrigan "failed to articulate an extraordinary and compelling
reason why his sentence should be reduced" because Kerrigan's
age and medical issues were not severe enough to warrant
compassionate release due to the COVID-19 pandemic.  See
Kerrigan, 2020 WL 2488269, at *3.  Second, and "decisive" to
Kerrigan's motion, the Court determined that even if Kerrigan's
health issues constituted "extraordinary and compelling reasons"
to reduce his sentence, application of the 18 U.S.C. § 3553(a)
sentencing factors outweighed any such reduction.  See id. at *4.

On December 30, 2020, Kerrigan filed a pro se motion for
compassionate release pursuant to Section 12003(b)(2) of the
Cares Act of 2020.  (ECF No. 333.)  Kerrigan's motion attached a
letter from his fiancée to the Court which reiterated Kerrigan's
request for compassionate release.  (ECF No. 333-1.)  On January
20, 2021, Kerrigan's fiancée filed a supplement to the motion in
which she described an outbreak of COVID-19 within the facility

3

where Kerrigan is housed, FCI Fort Dix in New Jersey.  (ECF No. 334.)  Kerrigan's supplement included a letter from Kerrigan in which he stated that he tested positive for COVID-19.

On January 22, 2021, the Court requested the Government respond to Kerrigan's motion.

On January 26, 2021, Kerrigan's counsel, who represented him in connection with his initial motion for compassionate release, filed a letter from Kerrigan's fiancée to the Court which explained that a 58-year-old roommate of Kerrigan's at FCI Fort Dix recently died of what appears to be COVID-19.  (ECF No. 335.)

On February 9, 2021, the Government filed a letter opposing Kerrigan's request for release.  (ECF No. 339.)  The Government's letter acknowledged that, under guidance promulgated by the Centers for Disease Control and Prevention ("the CDC"), Kerrigan's severe obesity may constitute an "extraordinary and compelling reason" for release because it places him at increased risk of a severe illness should he contract COVID-19.  (Id. at 5.)  Nevertheless, the Government argued, application of the 18 U.S.C. § 3553(a) factors once again did not warrant modifying Kerrigan's sentence.  The Government's letter also explained that Kerrigan tested positive for COVID-19 on December 28, 2020; between January 5, 2021, and January 10, 2021, he was screened daily, during which time his

4

blood pressure was elevated, but he had no fever and reported no other symptoms of COVID-19; Kerrigan was released from quarantine on January 9, 2021; and on January 29, 2021, Kerrigan was called for an x-ray due to his prior positive test, but he refused it.  (Id. at 5 n.5.)

On February 22, 2021, Kerrigan's fiancée filed a letter in reply which argued that the conditions of Kerrigan's incarceration at FCI Fort Dix warrant his immediate release into home confinement.  (ECF No. 342.)

## II.  Discussion

### A.  Legal Standard

18 U.S.C. § 3582(c)(1)(A) allows a court to modify a term of imprisonment "upon motion of the defendant" provided the defendant has exhausted certain administrative requirements. 18 U.S.C. § 3582(c)(1)(A).  Under these circumstances, a court may reduce the defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id. § 3582(c)(1)(A)(i).  In doing so, the Court must also consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." Id. § 3582(c)(1)(A).  "Application of the § 3553(a) factors requires an assessment of whether the relevant factors outweigh the extraordinary and compelling reasons warranting compassionate

release and whether compassionate release would undermine the goals of the original sentence." United States v. Daugerdas, --- F. Supp. 3d ---, No. 09 Cr. 581 (WHP), 2020 WL 2097653, at *4 (S.D.N.Y. May 1, 2020) (brackets, ellipsis, and internal quotation marks omitted) (quoting United States v. Ebbers, 432 F. Supp. 3d 421, 430–31 (S.D.N.Y. 2020)).

On September 25, 2020, the Second Circuit ruled that the policy statement issued by the U.S. Sentencing Commission pertaining to compassionate release, section 1B1.13 of the Sentencing Guidelines, "is not 'applicable' to compassionate release motions brought by defendants," and "cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling." United States v. Brooker, 976 F.3d 228, 236 (2d Cir. 2020). Accordingly, as the court in United States v. Harris, No. 15 Cr. 445 (PAE), 2020 WL 5801051 (S.D.N.Y. Sept. 29, 2020), explained:

> when assessing a motion brought directly by an imprisoned person rather than by the BOP, the Court is constrained neither by [§] 1B1.13's enumeration of extraordinary and compelling reasons, nor by its freestanding requirement that the defendant seeking release not pose any danger to the community. Rather, the Court may "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it] in motions for compassionate release." However, even if such reasons are present, the Court must also assure itself that release is consistent with "the factors set forth in section 3553(a) to the extent that they are applicable."

Id. at *2 (footnote and internal citations omitted).

"[P]ro se litigants generally are entitled to a liberal
construction of their pleadings, which should be read 'to raise
the strongest arguments that they suggest.'" Green v. United
States, 260 F.3d 78, 83 (2d Cir. 2001) (quoting Graham v.
Henderson, 89 F.3d 75, 79 (2d Cir. 1996)).

### B. Analysis

Kerrigan's renewed request for compassionate release must
be denied.  First, as the Government acknowledged, according to
the CDC, Kerrigan's severe obesity may place him at increased
risk of severe illness should he contract COVID-19.  Here,
however, Kerrigan has already contracted the virus.  Having now
tested positive for COVID-19 without experiencing a severe
illness from the disease, the fundamental and overriding purpose
of Kerrigan's request for immediate release—i.e., the desire to
remove him from an environment where he may contract the virus—
is significantly less compelling than when the May 14 Decision
concluded that his immediate release was not warranted. See,
e.g., United States v. Rodriguez-Francisco, No. 13 Cr. 233 (VB),
2021 WL 326974, at *2 (S.D.N.Y. Feb. 1, 2021) (explaining that
"a sentence reduction based on the risk of contracting [COVID-
19] again makes no sense" where the defendant tested positive
for the virus in December 2020 and, although he claimed "to have
lingering effects," "his risk of reinfection is extremely low"
"because he has already had (and fortunately recovered from) the

disease") (citing the Centers for Disease Control and
Prevention's website).  "The current COVID-19 pandemic is an
unprecedented worldwide catastrophe.  But it does not warrant
the early release of sentenced inmates in federal prisons
convicted of serious, dangerous offenses, like [the defendant],
whose medical conditions and risk of contracting the virus
cannot be deemed 'extraordinary and compelling.'" United States
v. Mood, No. 19 Cr. 113 (VB), 2020 WL 3256333, at *1 (S.D.N.Y.
June 16, 2020) (denying release to 53-year-old with diabetes,
hypertension, and obesity where "[t]here is no question that
[the defendant] has health issues, but his condition is stable
and has been effectively managed by routine monitoring and
medication").  Accordingly, the Court once again cannot deem
Kerrigan's medical conditions to be a sufficiently extraordinary
or compelling reason why the COVID-19 pandemic warrants his
immediate release.

Second, and once again decisive here, even if Kerrigan's
health issues constituted "extraordinary and compelling reasons"
to reduce his sentence, application of the § 3553(a) sentencing
factors once again outweighs any such reduction.  For the
reasons stated in the May 14 Decision and during Kerrigan's
March 30, 2018 sentencing, the Court finds that converting
Kerrigan's 90-month term of incarceration into one of home
confinement, when he has served little more than 35 months of

his original sentence, would disserve the sentencing factors set forth in 18 U.S.C. § 3553(a). See Kerrigan, 2020 WL 2488269, at *4; see also United States v. Mascuzzio, No. 16 Cr. 576 (JFK), 2020 WL 3050549, at *4 (S.D.N.Y. June 8, 2020) (denying compassionate release to one of Kerrigan's co-defendants). Accordingly, Kerrigan's renewed request for a sentence modification is denied. Cf. United States v. Mascuzzio, No. 16 Cr. 576 (JFK), Dkt. No. 344, at 8 (S.D.N.Y. Mar. 2, 2021) (denying a similar renewed request for compassionate release by Kerrigan's co-defendant).

**III.  Conclusion**

For the reasons set forth above, Kerrigan's renewed motion for a sentence reduction is DENIED.

The Clerk of Court is directed to terminate the motions at ECF Nos. 333, 334, and 336.

**SO ORDERED.**

Dated:  New York, New York
        March 2, 2021

_____
          John F. Keenan
     United States District Judge